UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| PHYLICIA SCOTT, on behalf of herself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) Case No. |
| vs. | ) ) ) |
| THOR INDUSTRIES, INC.; THOR MOTOR COACH, INC.; and INSURANCE OFFICE OF AMERICA, INC., | ) ) ) ) |
| Defendants. | ) ) |

# CLASS ACTION COMPLAINT

The plaintiff, Phylicia Scott, on behalf of herself and all others similarly situated ("Ms. Scott"), by counsel, submits the following Complaint against Thor Industries, Inc. ("Thor Industries"), Thor Motor Coach, Inc. ("Thor Motor Coach"), and Insurance Office of America, Inc. ("IOUSA" and collectively with the other defendants, the "Defendants"). In support of her claims, Ms. Scott alleges as follows:

## NATURE OF THE ACTION

1. This is a claim under the Employment Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, et seq. ("ERISA"), for the Defendants failure to remit benefit payments withheld from employee paychecks, causing insurance benefits to lapse and, in some cases, insurance claims to be denied.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it is a civil action arising under the laws of the United States, and pursuant to 29 U.S.C. § 1332(e)(1), which provides for federal jurisdiction of actions brought under Title I of

ERISA, 29 U.S.C. § 1001, *et seq*.

3. This Court has personal jurisdiction over the Defendants pursuant to the nationwide service of process provision in 20 U.S.C. § 1132(e)(2). Furthermore, each of the Defendants transact business in and have significant contacts within this district giving rise to the claims in this case.

4. Venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2), because it is the district where Thor Motor Coach and Thor Industries administer the plan, it is the district in which the plan is administered and the breach took place, and where defendants Thor Motor Coach and Thor Industries reside and may be found. Venue is also proper in this district pursuant to 28 U.S.C. § 1391 because Defendants do business in this district and a substantial part of the events or omissions giving rise to the claims asserted herein occurred within this district.

## PARTIES

5. Ms. Scott is a citizen and resident of the state of Indiana who resides at 22191 County Road 10 West, Elkhart, Indiana 46514.

6. Thor Motor Coach is a corporation organized and existing under the laws of Delaware with its principal place of business at 601 E. Beardsley Avenue, Elkhart, Indiana 46514. Thor Motor Coach is Ms. Scott's employer and assists in administering the Plan and Plan Assets.

7. Thor Industries is a corporation organized and existing under the laws of Delaware with its principal place of business at 601 E. Beardsley Avenue, Elkhart, Indiana 46514. Thor Industries is the Plan Sponsor, Plan Administrator, and administers the Plan and Plan Assets.

8. IOUSA is a corporation organized and existing under the laws of Florida with its principal place of business at 1855 West State Road 434, Longwood, FL 32750.

## ALLEGATIONS COMMON TO ALL COUNTS

9. Ms. Scott is a full-time employee of Thor Motor Coach who works as a cabinetry carpenter at Plant 150 located at 701 County Road 15, Elkhart, Indiana 46516.

10. During her employment Thor Motor Coach, Ms. Scott has participated in the Thor Industries, Inc. Welfare Benefit Plan (the "Plan"), paying premiums for insurance options offered by the Plan. Because she is eligible to receive benefits under the Plan, Ms. Scott is a "participant" in the Plan within the meaning of 29 U.S.C. § 1002(7).

11. The Plan offers a variety of insurance benefits, including medical and pharmacy benefits through Anthem, surgery benefits through SurgeryPlus, Flexible Spending Accounts through Anthem, dental benefits through Delta Dental, vision benefits through VSP, life and short- and long-term disability insurance through Mutual of Omaha, and accident and critical illness insurance through Aflac.

12. Therefore, the Plan constitutes an "employee welfare benefit plan" pursuant to 29 U.S.C. § 1002(1) because it is a plan maintained by an employer that was established or is maintained for the purpose of providing for its participants or their beneficiaries insurance benefits, including medical, and benefits in the event of sickness, accident, disability, death or unemployment.

13. Thor Industries is the Plan Sponsor, Plan Administrator, and administers the Plan and Plan Assets. Thor Motor Coach is Ms. Scott's employer and assists in administering the Plan and Plan Assets. IOUSA is a third-party service administrator that assists Thor Motor Coach and Thor Industries with managing and administering the Plan and Plan Assets. Aflac is a provider of insurance that plays a role in managing and administering the Plan.

14. Under the Plan, employees may elect certain insurance and other benefits, the premiums for which are withheld from employees' pay through payroll deductions. The benefit deductions are taken from forty-eight payroll periods to avoid double deductions for premiums after scheduled shutdown periods.

15. Among other coverages, Ms. Scott elected to receive Accident and Critical Illness insurance through Aflac. The insurance premiums for this benefit have been withheld from her paychecks as post-tax deductions since approximately November of 2020. The deductions are labeled "Aflac Accident" and "Aflac Critical." As of March 6, 2022, Ms. Scott's year-to-date deductions for Aflac coverages totaled $152.91.

16. The specific coverages available under the Aflac Accident and Critical Illness insurance is set forth in an Aflac Plan Brochure. These include benefits for hospital treatment, ambulance transport, major diagnostic testing, surgery and anesthesia, and fractures, among other things. The Aflac Brochure states that benefits are directly paid to employees.

17. In January of 2022, Ms. Scott attempted to make a claim against her Aflac coverage due to an accident suffered by her son, who is "beneficiary" under the Plan as that term is defined in 29 U.S.C. § 1002(8). At that time, Ms. Scott attempted to file a claim online with Aflac. Upon doing so, the claim form returned the following message: "It doesn't look like you have any active policies."

18. In February of 2022, Ms. Scott again attempted to make a claim against her Aflac coverage due to an accident suffered by her husband, who is "beneficiary" under the Plan as that term is defined in 29 U.S.C. § 1002(8). Ms. Scott again attempted to file a claim online with Aflac and again received the following message: "It doesn't look like you have any active policies."

19. After receiving this message, Ms. Scott called Aflac and requested to speak to a supervisor. The Aflac supervisor informed her that coverage for Thor employees had lapsed in May of 2021 due to non-payment of premiums. Ms. Scott had never been notified of any lapse in coverage by any of the Defendants.

20. The injuries suffered by Ms. Scott's husband consisted of a fracture and necessitated a hospital visit, imaging, surgery and anesthesia, and other treatment. As a result, Ms. Scott was eligible to recover benefits under the Aflac insurance coverage for which she paid premiums through the Plan. The coverage is not available to her due to the failure of the Defendants to remit or ensure remittance of timely premium payments from the amounts withheld from her paycheck.

21. As a result, Ms. Scott has been directly harmed by the Defendants' conduct by paying premiums through the Plan that were not timely remitted to Aflac, lapse and loss of coverages for which she had paid, and loss of the benefits of her insurance coverage for which she was eligible due to the accidental injuries of her son and husband.

## CLASS ALLEGATIONS

22. Ms. Scott brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of herself and the following proposed class ("Class"):

> All persons who were participants in or beneficiaries of the Plan, at any time between January 1, 2021 and the present (the "Class Period").

23. The members of the Class are so numerous that joinder of all members is impractical. Thor Motor Coach operates eight plants, a service center, and a parts center, employing over 1,500 individuals, the majority of which are full time and participants of the Plan.

24. Ms. Scott's claims are typical of the claims of the members of the Class. Like other Class members, Ms. Scott participated in the Plan and suffered injuries due to the Defendants' failure to timely remit insurance premiums to Aflac after deducting them from the employees' payroll. These injuries include but are not limited to paying premiums that were not forwarded to Aflac, loss of insurance coverage, and loss of the benefits of insurance coverage for they may have been eligible.

25. The Defendants treated Ms. Scott consistently with other Class members and managed the Plan as a single entity. Ms. Scott's claims and the claims of all Class members arise out of the same conduct, policies, and practices of the Defendants as alleged herein, and all members of the Class have been similarly affected by the Defendants' wrongful conduct.

26. There are questions of law and fact common to the Class, and these questions predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to:

    A. Whether the Defendants are fiduciaries of the Plan;

    B. Whether the Defendants the breached their fiduciary duties of loyalty and prudence by engaging in the conduct described herein;

    C. Whether the Defendants failed to adequately monitor the Plan to ensure it was being managed and administered in compliance with ERISA;

    D. The proper form of equitable and injunctive relief; and

    E. The proper measure of monetary relief.

27. Ms. Scott will fairly and adequately represent the Class, and has retained counsel experienced and competent in the prosecution of class action litigation. Ms. Scott has no interests

antagonistic to those of other members of the Class, is committed to the vigorous prosecution of this action, and anticipates no difficulty in the management of this litigation as a class action.

28. This action may be properly certified under Rule 23(b)(1). Class action status in this action is warranted under Rule 23(b)(1)(A) because prosecution of separate actions by the members of the Class would create a risk of establishing incompatible standards of conduct for Defendants. Class action status is also warranted under Rule 23(b)(1)(B) because prosecution of separate actions by the members of the Class would create a risk of adjudications with respect to individual members of the Class that, as a practical matter, would be dispositive of the interests of other members not parties to this action, or that would substantially impair or impede their ability to protect their interests.

29. Certification under Rule 23(b)(2) is also warranted because the Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive, declaratory, or other appropriate equitable relief with respectto the Class as a whole.

## COUNT I
## BREACH OF FIDUCIARY DUTY
## AGAINST ALL DEFENDANTS

30. Ms. Scott re-alleges and incorporates herein by reference all prior allegations in this Complaint as if fully set forth herein.

31. As a participant in the Plan, Ms. Scott has standing to bring this action as a participant to recover benefits due to her and the Class and to enforce her rights and the rights of the Class under the terms of the Plan.

32. At all relevant times, the Defendants were fiduciaries of the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), in that they exercised discretionary

authority or control over the administration and management of the Plan or disposition of the Plan's Assets.

33. Specifically, Thor Industries is the Plan Sponsor, Plan Administrator, and administers the Plan and Plan Assets. Thor Motor Coach is Ms. Scott's employer and assists in administering the Plan and Plan Assets. IOUSA is a third-party service administrator that assists Thor Motor Coach and Thor Industries with managing and administering the Plan and Plan Assets. And Aflac is a provider of insurance that assists Thor Industries and Thor Motor Coach with managing and administering the Plan.

34. As fiduciaries of the Plan, the Defendants were required to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries for the exclusive benefit of providing benefits to participants and their beneficiaries. Furthermore, they were required to act with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of like character and with like aims. 29 U.S.C. § 1104(a).

35. The Defendants breached these fiduciary duties by, among other things, withholding premium payments from employees' payroll and then failing to timely remit insurance premium payments, resulting in lapses and loss of Aflac insurance coverage and denial of claims for Aflac insurance benefits.

36. As a direct and proximate result of the breaches of fiduciary duties alleged herein, the Plan and its participants suffered losses, including the loss of their premium payments and loss of insurance coverage. Had the Defendants complied with their fiduciary obligations, the Plan would not have suffered these losses.

37. Pursuant to 29 U.S.C. §§ 1109(a) and 1132(a)(2), the Defendants are liable to restore to the Plan all losses caused by their breaches of fiduciary duties restore any profits to the fiduciary resulting from such breaches. In addition, Ms. Scott and the Class are entitled to equitable relief and other appropriate relief for Defendants' breaches as set forth in their Prayer for Relief.

38. The Defendants knowingly participated in each breach of the other Defendants, knowing that such acts were a breach, enabled the other Defendants to commit breaches by failing to lawfully discharge such Defendant's own duties, and knew of the breaches by the other Defendants and failed to make any reasonable and timely effort under the circumstances to remedy the breaches. Accordingly, each Defendant is also liable for the breaches of its co-fiduciaries under 29 U.S.C. § 1105(a).

### COUNT II
### FAILURE TO ADEQUATELY MONITOR OTHER FIDUCIARIES
### AGAINST ALL DEFENDANTS

39. Ms. Scott re-alleges and incorporates herein by reference all prior allegations in this Complaint as if fully set forth herein.

40. The Defendants had the authority to manage and had critical responsibilities with respect to the Plan.

41. Thus, the Defendants had a duty to monitor one another to ensure that each of the Defendants were adequately performing their fiduciary obligations, and to take prompt and effective action to protect the Plan in the event that the Defendants were not fulfilling those duties.

42. The Defendants breached their fiduciary monitoring duties by, among other things:

    (a) Failing to monitor and evaluate the performance of the Plan;

  (b) Failing to monitor the processes by which the Plan timely remitted insurance payments on behalf of Plan participants; and

  (c) Failing to ensure that each of the Defendants did not act to the detriment of the Plan and Plan participants' insurance coverages.

43. As a consequence of the foregoing breaches of the duty to monitor, the Plan suffered losses. Had the Defendants complied with their fiduciary obligations, the Plan would not have suffered these losses.

44. Pursuant to 29 U.S.C. §§ 1109(a) and 1132(a)(2), the Defendants are liable to restore to the Plan all losses caused by their failure to adequately monitor the Plan. In addition, Plaintiffs are entitled to equitable relief and other appropriate relief as set forth in their Prayer for Relief.

WHEREFORE, Ms. Scott respectfully requests that judgment be entered in her favor, in favor of the Class, and against the Defendants on each of the foregoing claims and requests that the Court award the following relief:

 A. A determination that this action may proceed as a class action under Rule 23(b)(1), or Rule 23(b)(2) of the Federal Rules of Civil Procedure;

 B. Designation of Ms. Scott as Class Representatives and designation of her counsel as Class Counsel;

 C. A Declaration that the Defendants, and each of them, have breached their fiduciary duties under ERISA;

 D. An Order compelling the Defendants to refund Aflac premium payments made under the Plan;

 E. An order requiring the Company Defendants to disgorge all profits received from, or in respect of, the Plan, and equitable relief pursuant to 29 U.S.C. § 1132(a)(3) in the form of an

accounting for insurance premiums withheld but not paid, imposition of a constructive trust, or a surcharge against the Defendants as necessary to effectuate said relief, and to prevent the Employer Defendants' unjust enrichment;

F. Actual damages in the amount of any losses the Plan suffered, to be allocated among the participants in proportion to the accounts' losses;

G. An order enjoining Defendants from any further violations of their ERISA fiduciary responsibilities, obligations, and duties;

H. Other equitable relief to redress Defendants' illegal practices and to enforce the provisions of ERISA as may be appropriate, including appointment of an independent fiduciary or fiduciaries to run the Plan and removal of Plan fiduciaries deemed to have breached their fiduciary duties;

I. An award of pre-judgment interest;

J. An award of costs pursuant to 29 U.S.C. § 1132(g);

K. An award of attorneys' fees pursuant to 29 U.S.C. § 1132(g) and the common fund doctrine; and

L. Such other and further relief as the Court deems equitable and just.

Date: _____            Respectfully submitted,

PFEIFER MORGAN & STESIAK LLP

/s/ *Ryan G. Milligan*
Ryan G. Milligan (#28691-71)
Peter D. Hamann (#34615-45)
PFEIFER MORGAN & STESIAK LLP
53600 N. Ironwood Rd.
South Bend, Indiana 46635
Tel. 574.272.2870
Fax 574-271-4329
RMilligan@pilawyers.com
PHamann@pilawyers.com

*Counsel for the plaintiff,
Phylicia Scott*

## JURY DEMAND

The plaintiff demands a trial by jury of any and all issues so triable in the above-captioned matter.

/s/ *Ryan G. Milligan*
Ryan Milligan (#28691-71)